1 | CALDWELL LESLIE & PROCTOR, PC
MICHAEL D. ROTH, State Bar No. 217464
2 |   roth@caldwell-leslie.com
725 South Figueroa Street, 31st Floor
3 | Los Angeles, California 90017
Telephone: (213) 629-9040
4 | Facsimile: (213) 629-9022

5 | FROSS ZELNICK LEHRMAN & ZISSU, P.C.
JAMES D. WEINBERGER (*pro hac vice* application forthcoming)
6 |   jweinberger@fzlz.com
EMILY WEISS (*pro hac vice* application forthcoming)
7 |   eweiss@fzlz.com
866 United Nations Plaza
8 | New York, New York 10017
Telephone: (212) 813-5900
9 | Facsimile: (212) 813-5901

10 | *Attorneys for Plaintiff DC Comics*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| DC COMICS, | **Case No. CV15-7980** |
| Plaintiff, | |
| v. | **COMPLAINT FOR:** |
| MAD ENGINE, INC., | (1) Federal Trademark Infringement, 15 U.S.C. § 1114(1); |
| Defendant. | (2) Federal Unfair Competition, 15 U.S.C. § 1125(a)(1)(a); |
| | (3) Dilution, 15 U.S.C. § 1125(c); |
| | (4) California Unfair Competition, Cal. Bus. & Prof. Code § 17200; |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff DC Comics, by its attorneys Caldwell Leslie & Proctor PC and Fross Zelnick Lehrman & Zissu, P.C., for its complaint against Defendant Mad Engine, Inc. ("Defendant"), alleges as follows:

## Nature of the Action

1. DC Comics is the publisher of comic books and magazines, including those featuring the world-famous Superman character. DC also engages in a substantial licensing program for Superman. All of the claims asserted herein arise out of and are based on Defendant's willful infringement of DC Comics' intellectual property rights in its Superman character.

2. Defendant unlawfully manufactures, promotes, distributes, displays, offers for sale, and sells t-shirts that feature Superman's iconic red and yellow five-sided shield, which is protected under trademark law. Defendant has been informed that its conduct is unlawful, but it remains undeterred and, upon information and belief, continues to sell the infringing t-shirts.

3. Accordingly, DC Comics now brings claims against Defendant for trademark infringement and counterfeiting in violation of Section 32 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114; false designation of origin and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and unfair competition in violation of California State Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. In connection with these claims, DC Comics seeks both injunctive and monetary relief.

## Jurisdiction and Venue

4. The Court has jurisdiction over the subject matter of this action under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. § 1331, 1338 (a) & (b), and under principles of supplemental jurisdiction, 28 U.S.C. § 1367.

5. The Court has personal jurisdiction over Defendant because Defendant is incorporated in California and, on information and belief, also maintains its principal place of business in California.

6. Venue is proper under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), in that Defendant resides in this District and a substantial part of the events giving rise to the claims occurred in and are directed from this District.

## The Parties

7. Plaintiff DC Comics is a New York partnership with its principal place of business at 2900 W. Alameda Avenue, Burbank, California, 91505.

8. Defendant Mad Engine, Inc. is a California corporation which, on information and belief, maintains a place of business at 1017 Grandview Ave., Glendale, California 91201.

## Facts Common to All Claims

**A.    DC Comics and the Superman Character**

9. DC Comics is a publisher of comic books and magazines featuring comic characters and stories. DC Comics is among the most well-known and successful publishers of comic magazines in the world. It has created and published highly successful and well-known characters, including Superman, Batman, Wonder Woman, The Flash and Green Lantern.

10. The first story featuring the Superman character was published in *Action Comics #1* in 1938. Since that time, DC Comics has focused an enormous amount of attention and effort to develop the Superman mythos, including the character, his associates, his world, and other indicia associated with him. One of the indicia most strongly associated with Superman is the red and yellow five-sided shield that appears on Superman's chest (the "Shield Design"). The Shield Design has undergone several transformations over the years. Shown below is one well-known iteration of the design:

11. The Superman character has been featured in many formats in addition to comic books, including animated television series, live-action television series, newspaper comic strips, movie serials, motion pictures, and even a Broadway musical. In each of these formats, the Superman character is depicted with the Shield Design on his chest.

12. Moreover, the Shield Design, either on its own or as part of Superman's costume, has been used to promote and advertise the various formats. Shown below are examples of promotional materials for Superman television series and motion pictures that feature the Shield Design:

 

COMPLAINT




13. Another significant aspect of DC Comics' business is the licensing of its intellectual property rights, such as its characters, their names, and the indicia related to such characters, for use in connection with a broad array of consumer products. Consistent with this practice, DC Comics had licensed rights in the Shield Design for use in connection with various categories of merchandise, including apparel. Shown below are several examples of t-shirts featuring the Shield Design:



14. As a result of DC Comics' shepherding and careful development of not just the Superman character, but also of his universe and of the other characters and items that populate that universe, Superman has become associated with certain symbols and indicia which, in the public mind, are inextricably linked with the Superman character and which function as trademarks, both for literary and entertainment works featuring Superman and for various goods and services for

which DC Comics has licensed others to use these marks, including apparel. Among the most well-known of these trademarks is the design mark that consists of the Shield Design (the "Shield Mark").

15. For decades and continuing through today, DC Comics has made widespread and exclusive use of the iconic Shield Mark. Authorized uses of the Shield Mark have appeared on a broad array of products. Such licensed products vary in appearance and in tone, including some that are humorous and poke fun at a variety of subjects. Because of Superman's immense popularity and positive image, consumers want to be associated with him and his qualities and characteristics. DC Comics has invested a considerable amount of time, effort, and money in advertising and promoting the Shield Mark in connection with a wide variety of products and services, including apparel.

16. DC Comics has achieved great commercial success with the goods and services offered under the Shield Mark.

17. By virtue of extensive sales, advertising, and promotion, the Shield Mark has acquired enormous value and has become extremely well-known to the public as identifying and distinguishing the source of DC Comics' products and services exclusively and uniquely. As a result, the Shield Mark has come to represent enormous goodwill and has become famous throughout the United States.

18. In addition to DC Comics' extensive common law rights in the Shield Mark, DC Comics owns numerous federal registrations for the Shield Mark or marks inclusive of the Shield Mark for various goods and services, including the following:

a. S & Design, U.S. Reg. No. 1,140,418, registered on October 14, 1980, for "hats" in International Class 25, based on first use in May 1954, and "belt buckles" in International Class 26, based on first use on September 18, 1975, for the design shown here:

![Superman S shield logo]

b.  S & Design, U.S. Reg. No. 1,180,292, registered on December 1, 1981, for "Adults and Childrens [sic] Clothing-Namely, Shirts, T-Shirts, Footwear, Gloves, Ties, Socks, Pajamas, Rainwear and Shorts" in International Class 25, based on first use in 1946, for the design shown here:



c.  S & Design, U.S. Reg. No. 1,184,881, registered on January 5, 1982, for "Adults' and Childrens' Clothing-Namely, T-Shirts, Shirts, Swimwear, Shorts, Hats, Bibbs, Aprons, Ties, Rainwear, Jackets, Footwear, Sweaters, and Loungewear" in International Class 25, based on first use in 1946, for the design shown here:

![Superman S shield logo outline]

d.  S & Design, U.S. Reg. No. 1,199,630, registered on June 29, 1982, for "Sleepwear for Children" in International Class 25, based on first use in May 1978, for the design shown here:



True and correct copies of these registrations are attached hereto as <u>Exhibit 1</u>.

19.     The above registrations are valid, subsisting, in full effect and have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus serve as conclusive evidence of the validity of the registered marks and of DC Comics' exclusive right to use the marks in connection with the goods identified therein, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

**B.     <u>Defendant's Wrongful Conduct</u>**

20.     On information and belief, Defendant is a wholesaler that manufactures apparel products and sells such products to retailers across the United States, including Target, Walmart, Kohl's, Marshalls, and Amazon.com.

21.     Defendant holds itself out as a manufacturer and seller of only licensed apparel, and indeed, upon information and belief, Defendant has obtained licenses to use comic book characters and indicia from Marvel, one of DC Comics' main competitors.  But contrary to its claim of selling only licensed apparel, Defendant is offering for sale apparel that incorporates DC Comics' Shield Design without a license or authorization from DC Comics.

22.     On information and belief, Defendant has manufactured, offered for sale, sold, distributed, imported, and/or exported the t-shirt shown below:



(the "Infringing T-Shirt").

23. Defendant's Infringing T-Shirt bears a shield mark that is a counterfeit of DC Comics' Shield Mark, intended to convey to consumers that the product was a licensed DC Comics product.

24. DC Comics' Shield Design consists of a bordered five-sided shield in red and yellow, with the text inside the shield sized and positioned according to the proportions and shape of the shield. The shield design on Defendant's Infringing T-Shirt incorporates each of these elements.

25. The Infringing T-Shirt was offered for sale in Target stores and on Target's website, labeled as a "Super Dad T-Shirt." Defendant and Target advertised the shirt as a Father's Day gift and promotion.

26. DC Comics has never granted Defendant a license to use the Shield Design or otherwise authorized Defendant to use the Shield Design.

27. Defendant's activities are being done willfully, with the intent to trade off the fame of DC Comics' Superman character and the iconic Shield Design.

28. Defendant has actual knowledge that its conduct is unlawful. On June 1, 2015, DC Comics wrote to Defendant demanding that it cease all sales of the Infringing T-Shirt. Defendant, in an effort to allow the Infringing T-Shirt to remain available for sale through Father's Day so that it could sell as many as possible, did not provide a substantive response to DC Comics' June 1 letter until June 19, 2015.

In its June 19 letter, Defendant refused to cease offering the Infringing T-Shirt for sale.

29. Through its counsel, DC Comics again sent a letter to Defendant on June 26, 2015, once again demanding that it cease offering for sale and selling the Infringing T-Shirt. To date, Defendant has not agreed to cease its sales.

## Count I: Federal Trademark Infringement
## and Counterfeiting Under 15 U.S.C. § 1114(1)

30. DC Comics repeats and realleges each and every allegation contained in paragraphs 1 through 29 above as if fully set forth herein.

31. Over many years of extensive use in connection with the Superman comic books, television series, motion pictures, as well as a variety of consumer merchandise, the federally registered Shield Mark has become extremely well-known. DC Comics has established enormous goodwill by reason of the success of goods sold and services provided under or in connection with the Shield Mark, thus immediately indicating to the public that products and services featuring such marks come from, or are sponsored or approved by, DC Comics.

32. Defendant's actions described above, including but not limited to its use of an infringing and/or counterfeit shield mark, have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, affiliation, and/or sponsorship of the Infringing T-Shirt, and are likely to deceive the public into believing that such t-shirt is provided, authorized, endorsed, or sponsored by DC Comics, thereby damaging DC Comics' reputation, goodwill, and sales.

33. Defendant's conduct constitutes trademark infringement and counterfeiting in violation of Section 32 of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1114.

34. Defendant's conduct is causing immediate and irreparable injury to DC Comics and will continue both to damage DC Comics and deceive the public unless and until enjoined by this Court. DC Comics has no adequate remedy at law.

35. Upon information and belief, Defendant has received substantial revenues and profits arising out of its acts of trademark infringement and counterfeiting to which it is not entitled, and DC Comics has also suffered an injury in fact, and lost money or property as a result of Defendant's acts, for which Defendant is responsible.

## Count II: Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)

36. DC Comics repeats and realleges each and every allegation contained in paragraphs 1 through 35 above as if fully set forth herein.

37. Over many years of extensive use in connection with the Superman comic books, television series, motion pictures, as well as a variety of consumer merchandise, the federally registered Shield Mark has become extremely well-known. DC Comics has established enormous goodwill by reason of the success of goods sold and services provided under or in connection with the Shield Mark, thus immediately indicating to the public that products and services featuring such marks come from, or are sponsored or approved by, DC Comics.

38. Defendant's actions described above, including but not limited to its use of an infringing and/or counterfeit shield mark, have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, affiliation, and/or sponsorship of the Infringing T-Shirt, and are likely to deceive the public into believing that such t-shirt is provided, authorized, endorsed, or sponsored by DC Comics, thereby damaging DC Comics' reputation, goodwill, and sales.

39. Defendant's actions in the manner alleged above constitute a false designation of origin, false and misleading descriptions of fact, and false and

misleading representations of fact, which have caused, and are likely to cause, confusion, mistake, and deception, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendant's conduct is causing immediate and irreparable injury to DC Comics and will continue both to damage DC Comics and deceive the public until enjoined by this Court. DC Comics has no adequate remedy at law.

41. Upon information and belief, Defendant has received substantial revenues and substantial profits arising out of its acts of unfair competition to which it is not entitled, and DC Comics has also suffered an injury in fact, and lost money or property as a result of Defendant's acts of unfair competition, for which Defendant is responsible.

## Count III: Dilution Under 15 U.S.C. § 1125(c)

42. DC Comics repeats and realleges each and every allegation contained in paragraphs 1 through 41 above as if fully set forth herein

43. Over many years of extensive use in connection with the Superman comic books, television series, motion pictures, as well as in a variety of consumer merchandise, the federally registered Shield Mark has become famous and is widely recognized among the consuming public as a designation of source of DC Comics' products and services. The Shield Mark became famous long before Defendant's infringing activities commenced

44. Defendant's commercial use of a mark identical to the Shield Mark for goods that are not manufactured or controlled by, affiliated with, or sponsored by DC Comics has diluted and is continuing to dilute the distinctive quality of DC Comics' Shield Mark by lessening the capacity of that mark to exclusively identify and distinguish DC Comics and its goods, and by tarnishing the Shield Mark through association with Defendant's goods, which, upon information and belief, are not of the quality and workmanship of the legitimate products bearing the Shield Mark licensed by DC Comics.

45. On information and belief, Defendant has willfully sought to trade on DC Comics' reputation and to dilute the famous Shield Mark.

46. Defendant's willful conduct constitutes dilution of DC Comics' Shield Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

47. Defendant's conduct is causing immediate and irreparable injury to DC Comics and will continue to damage DC Comics until enjoined by this Court. DC Comics has no adequate remedy at law.

48. Upon information and belief, Defendant has received substantial revenues and profits arising out of its acts of willful dilution to which it is not entitled, and DC Comics has also suffered an injury in fact, and lost money or property as a result of Defendant's willful acts, for which Defendant is responsible

**Count IV: California Unfair Competition**

**<u>Under Cal. Bus. & Prof. Code §§ 17200 *et seq*.</u>**

49. DC Comics repeats and realleges each and every allegation contained in paragraphs 1 through 48 above as if fully set forth herein.

50. The aforesaid conduct of Defendant – trademark infringement and counterfeiting and false designation of origin – constitutes unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

51. Defendant's conduct is causing immediate and irreparable injury to DC Comics and will continue both to damage DC Comics and deceive the public until enjoined by this Court. DC Comics has no adequate remedy at law.

52. Upon information and belief, Defendant has received substantial revenues and substantial profits arising out of its acts of unfair competition to which it is not entitled, and DC Comics has also suffered an injury in fact, and lost money or property as a result of Defendant's acts of unfair competition, for which Defendant is responsible.

**WHEREFORE**, DC Comics demands judgment as follows:

1. Entering judgment for DC Comics on each of its claims.

2. Directing that Defendant, its officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with it, be immediately and permanently enjoined from:

    (a) infringing or counterfeiting the Shield Mark;

    (b) falsely designating the origin, sponsorship, or affiliation of its business, goods, or services;

    (c) engaging in any activity that dilutes or tarnishes, or is likely to dilute or tarnish, the Shield Mark;

    (d) using the Shield Mark or any derivation or colorable imitation thereof, or any name or mark that is confusingly similar thereto, including but not limited to the name and mark SUPERMAN or any other trademark of DC Comics (collectively, "Prohibited Marks"), in connection with the promotion, marketing, and sale of clothing or any related goods or services;

    (e) seeking to register any of the Prohibited Marks or any derivation or colorable imitation thereof, or any name or mark that is confusingly similar thereto;

    (f) making or employing any other commercial use of any of the Prohibited Marks;

    (g) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendant's goods and services are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized, or franchised by or are otherwise connected with DC Comics;

    (h) using any other false designation of origin or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendant's activities are in any way sponsored, licensed, endorsed, authorized by, or affiliated or connected with DC Comics, or originate from DC Comics;

    (i)  doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendant emanate from or originate with DC Comics, or are somehow sponsored, licensed, endorsed, authorized by or affiliated or connected with DC Comics, or originates from DC Comics;

    (j)  engaging in any other activity constituting unfair competition with DC Comics;

    (k)  aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (j) above.

  3.  Directing that Defendant deliver up to DC Comics' attorneys for destruction all products, labels, signs, stationery, prints, packages, promotional and marketing materials, advertisements, and other materials (a) currently in its possession or under its control or (b) recalled by Defendant pursuant to any order of the Court or otherwise, incorporating, featuring or bearing the Prohibited Marks or any other simulation, reproduction, copy, or colorable imitation thereof.

  4.  Directing that Defendant file with the Court and serve upon DC Comics' counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

  5.  Awarding DC Comics such damages it has sustained or will sustain by reason of Defendant's acts of trademark infringement, counterfeiting, unfair competition, dilution and that such sums be trebled pursuant to 15 U.S.C. § 1117, including statutory damages.

  6.  Awarding DC Comics all damages, including Defendant's profits, that are recoverable under Cal. Bus. & Prof. Code § 17200 *et seq*.

  9.  Awarding DC Comics all other recoverable gains, profits, property, and advantages derived by Defendant from its unlawful conduct.

10. Awarding to DC Comics exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate.

11. Awarding to DC Comics its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

12. Awarding DC Comics interest, including pre-judgment interest on the foregoing sums.

13. Awarding to DC Comics such other and further relief as the Court may deem just and proper.

DATED: October 9, 2015          Respectfully submitted,

                                          CALDWELL LESLIE & PROCTOR, PC
                                          MICHAEL D. ROTH

                                          FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                          JAMES D. WEINBERGER
                                          EMILY WEISS

                                          By   /s/  Michael D. Roth
                                                   MICHAEL D. ROTH

                                          Attorneys for Plaintiff DC COMICS

## DEMAND FOR JURY TRIAL

Plaintiff DC Comics hereby demands trial by jury in this action.

DATED: October 9, 2015          Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
MICHAEL D. ROTH

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
JAMES D. WEINBERGER
EMILY WEISS


By    /s/  Michael D. Roth
         MICHAEL D. ROTH

*Attorneys for Plaintiff DC Comics*