1  KIRK M. HALLAM           (SBN 108975)
   *kirk@hallamhoffman.com*
2  NICHOLAS J. HOFFMAN      (SBN 284472)
   *nick@hallamhoffman.com*
3  HALLAM & HOFFMAN, Attorneys at Law
   201 Santa Monica Boulevard, Suite 300
4  Santa Monica, California  90401
5  Tel:   (310) 393-4006
   Fax:   (310) 564-7623
6
7  Attorneys for Defendant/Counterclaimant and Third-
   Party Plaintiff/Counterclaim Defendant *Mad Engine, Inc.*
8

9              UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

11

| | |
|---|---|
| DC COMICS,<br>      Plaintiff,<br>   vs.<br>MAD ENGINE, INC.<br>      Defendant. | Case No. 15-CV-07980 DSF (JPRx)<br><br>**REQUEST FOR JUDICIAL NOTICE**<br><br>[Filed concurrently with:<br><br>(1) Notice of Motion and Motion to Dismiss Counterclaim-in-Reply; and<br>(2) (Proposed) Order] |
| MAD ENGINE, INC.,<br>      Counterclaimant and<br>      Third-Party Plaintiff,<br>   vs.<br>DC COMICS and WARNER BROS. ENTERTAINMENT INC.,<br>      Counterclaim Defendant<br>      and Third-Party Defendant. | DATE:   March 28, 2016<br>TIME:   1:30 p.m.<br>DEPT:   840<br><br>The Honorable Dale S. Fischer |
| DC COMICS and WARNER BROS. ENTERTAINMENT INC.,<br>      Counterclaim Plaintiffs,<br>   vs.<br>MAD ENGINE, INC.<br>      Counterclaim Defendant. | |

REQUEST FOR JUDICIAL NOTICE

# TABLE OF CONTENTS

REQUEST FOR JUDICIAL NOTICE ..................................................................... 1

ARGUMENT ............................................................................................................ 3

CONCLUSION ......................................................................................................... 5

EXHIBITS

    Exhibit A (U.S. Copyright Office July 16, 2013 "Subway" Decision) ............... 6

    Exhibit B (U.S. Copyright Office March 7, 2006 "Best Western" Decision) ................................................................................................. 11

    Exhibit C (U.S. Copyright Office November 29, 2005 "Source of Knowledge" Decision) ................................................................................. 20

    Exhibit D (U.S. Copyright Office October 12, 2012 "Protaper" Decision) ...... 28

    Exhibit E (U.S. Copyright Office July 8, 2013 "Wooly Bars" Decision) ......... 60

    Exhibit F (U.S. Copyright Office April 13, 2012 "Geek Squad" Decision) ..... 65

**REQUEST FOR JUDICIAL NOTICE**

Counterclaim Defendant Mad Engine, Inc. ("Defendant") hereby requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the following public records of the U.S. Copyright Office, true and correct copies of which are attached hereto as Exhibits A though F:

A. The U.S. Copyright Office's July 16, 2013 decision refusing to register Subway's claimed copyright in its "Subway" logo. (Letter from William J. Roberts, Jr., U.S. Copyright Office Review Board, to Michael K. Kinney, attorney for Subway, Re: SUBWAY LOGO, Control No. 1-7V60DL, July 16, 2013).

B. The U.S. Copyright Office's March 7, 2006 decision refusing to register Best Western International, Inc.'s claimed copyright in its "Best Western" logo. (Letter from David O. Carson, General Counsel for the Review Board, U.S. Copyright Office, to David Youssefi, attorney for Best Western International, Inc., Re: BEST WESTERN LOGO, Control No. 61-319-7499(B), March 7, 2006).

C. The U.S. Copyright Office's November 29, 2005 decision refusing to register Graceland College Center for Professional Development and Lifelong Learning, Inc.'s claimed copyright in its "S" logo. (Letter from Marybeth Peters, Register of Copyrights for the Review Board, U.S. Copyright Office, to Lara Dickey Lewis, attorney for Graceland College Center for Professional Development and Lifelong Learning, Inc., Re: SOURCE OF KNOWLEDGE, Control No. 61-307-9211(S), November 29, 2005).

D. The U.S. Copyright Office's October 12, 2012 decision refusing to register Protaper's claimed copyright in its "PROTAPER" logo. (Letter from Tanya M. Sandros, Deputy General Counsel for the Review Board, U.S. Copyright Office, to Kay Lyn Schwartz, attorney for Protaper, Re: PROTAPER, Control Nos. 1-94C84A, 1-AZ46QU, October 12, 2012).

1    E.   The U.S. Copyright Office's July 8, 2013 decision refusing to register the "Wooly Bars" logo. (Letter from William J. Roberts, Jr., Member of the Board, U.S. Copyright Office, to Glenn K. Robbins II, attorney for Wooly Bars, Re: WOOLY BARS LOGO, Control Nos. SR 1-426704001, SR 1-480556684, SR 1-586430703, July 8, 2013).

   F.   The U.S. Copyright Office's April 13, 2012 decision refusing to register Geek Squad's claimed copyright in its "Geek Squad" logo. (Letter from Robert Kasunic, Deputy General Counsel for the Review Board, U.S. Copyright Office, to Christopher M. Kindel, attorney for Geek Squad, Re: GEEK SQUAD (logo), Control No. SR 1-73998603, April 13, 2012).

**ARGUMENT**

Defendant seeks judicial notice of these documents in connection with its Motion to Dismiss (Dkt. No. 53) the Counterclaim-in-Reply of counterclaim plaintiffs D.C. Comics and Warner Bros. Entertainment, Inc. (hereinafter, collectively "Plaintiffs"), filed on February 3, 2016 (Dkt. No. 50), and the briefs associated therewith. Federal Rule of Evidence 201(b)(2) permits a court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (*quoting Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). The Court may, however, consider exhibits submitted or referenced in the complaint and matters <u>that may be judicially noticed</u>. P*egasus Holdings v. Veterinary Centers of America, Inc.,* 38 F. Supp. 2d 1158, 1159-60 (C.D. Cal. 1998); *Mack v. South Bay Beer Distrib., Inc*., 798 F.2d 1279, 1282 (9th Cir. 1986) ("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record

3
REQUEST FOR JUDICIAL NOTICE

and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment.").

The Ninth Circuit has recognized that "matters of public record," include the "[r]ecords and reports of administrative bodies," *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); *Louie McCormick & Schmick Rest. Corp.,* 460 F.Supp2d 1153 n.4 (C.D. Cal. 2006) (taking judicial notice of <u>opinion letters</u> issued by federal and state regulatory agencies); *Cardenas v. McLane Foodservices, Inc.,* 796 F. Supp. 2d 1246 (C.D. Cal. 2011) (granting judicial notice of an agency's opinion letter).

Accordingly courts have taken judicial notice of Copyright Office records in the past.  *See, e.g., Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1146 (9th Cir. 2008) (taking judicial notice of Copyright Office records reflecting the registered owners of certain copyrighted songs); *Oroamerica, Inc. v. D & W Jewelry Co.*, 10 Fed. App'x 516, n.4 (9th Cir. 2001) (taking judicial notice of Copyright Office registration certificate); *see also Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (courts "may take judicial notice of records and reports of administrative bodies"); *Standard Havens Products, Inc. v. Gencor Industries, Inc.*, 897 F.2d 511, 514 n.3 (Fed. Cir. 1990) (taking judicial notice of office action in patent reexamination); *Telebrands Corp. v. Del Laboratories, Inc.*, 719 F. Supp. 2d 283 (S.D.N.Y. 2010) (a court "may properly take judicial notice of official records of the United States Patent and Trademark Office and the United States Copyright Office").

Judicial notice is particularly appropriate here because the Copyright Office's refusal to register the above-mentioned logos and graphic designs goes to the heart of Plaintiffs' copyright infringement claim and provides the Court with persuasive insight into the Copyright Office's interpretation of the copyright law issues relevant to Defendant's Motion to Dismiss.  Namely, these opinions prove (1) that the Copyright Office routinely rejects registration applications for graphic designs indistinguishable

1  from the Superman Shield; and (2) that proportional sizing and positioning of
2  unprotectable elements does not entail sufficient originality for an otherwise *de*
3  *minimis* design to merit copyright protection.  Accordingly, the Court can give these
4  judicially noticeable opinions some persuasive weight.  *United States v. Mead Corp.*,
5  533 U.S. 218, 121 S.Ct. 2164, 2175, 150 L.Ed.2d 292 (2001) (noting that even where
6  an agency's interpretation of law is not entitled to highly deferential treatment
7  pursuant to *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S.
8  837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), "an agency's interpretation may merit
9  some deference whatever its form, given the 'specialized experience and broader
10 investigations and information' available to the agency" (*quoting Skidmore v. Swift &*
11 *Co.*, 323 U.S. 134, 139, 65 S.Ct. 161, 89 L.Ed. 124 (1944))).

12         The Ninth Circuit has specifically held that courts should defer to U.S.
13 Copyright Office opinion letters, such as those provided here, when they "have the
14 'power to persuade.'"  *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1042 (9th
15 Cir. 2014) (giving deference to a U.S. Copyright Office opinion letter and adopting its
16 reasoning on an issue of copyrightability) (*quoting Christensen v. Harris Cnty.*, 529
17 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000)).

## CONCLUSION

20         Accordingly, Defendant respectfully requests that this Court take judicial notice
21 of Exhibits A though F, attached hereto.

23 DATED:     February 24, 2016        HALLAM & HOFFMAN

                                        By:     /s/*Kirk M. Hallam*
                                                Kirk M. Hallam
                                                Nicholas J. Hoffman
                                                Attorneys for Defendant Mad Engine, Inc.